OPINION
{¶ 1} On February 8, 2002, the Fairfield County Grand Jury indicted appellant, Blaine Dobbins, on one count of taking the identity of another in violation of R.C. 2913.49, one count of grand theft in violation of R.C. 2913.02 and one count of tampering with evidence in violation of R.C. 2913.42. Said charges arose from an incident wherein appellant assumed the identity of another and wrote checks for cash and merchandise.
 {¶ 2} On September 25, 2002, appellant pled guilty to taking the identity of another and theft. The tampering count was nollied. By judgment entry filed December 10, 2002, the trial court sentenced appellant to twelve months on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES."
 I {¶ 5} Appellant claims the trial court erred in sentencing him to consecutive sentences. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant pled guilty to taking the identity of another and theft, both felonies of the fourth degree. Pursuant to R.C. 2929.14(A)(4), felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." By judgment entry filed December 10, 2002, the trial court sentenced appellant to twelve months on each count, to be served consecutively.
 {¶ 12} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Pursuant to R.C. 2929.19(B)(2)(c), the court "shall make a finding that gives its reasons for selecting the sentence imposed***[i]f it imposes consecutive sentences under section 2929.14 of the Revised Code***." "The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole." State v. Belfon (July 13, 2000), Franklin App. Nos. 99AP-663 and 99AP-665, citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983.
 {¶ 18} In its judgment entry of December 10, 2002, the trial court sentenced appellant to consecutive sentences, finding the following:
 {¶ 19} "The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds as follows:
 {¶ 20} "a) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "b) The victim of the offense suffered serious economic harm as a result of the offense."
 {¶ 22} In finding the offense "is a more serious offense than it is a less serious offense" (T. at 12), the trial court incorporated the following recitation of the facts by the state:
 {¶ 23} "Number one, the victim of the offense suffered severe economic harm as a result of the offense. Your Honor, the economic harm that resulted as a result of the theft of the trailer and the Bobcat is like $27,190. That's more money than this Court usually sees in a grand theft of this nature.
 {¶ 24} "The State would suggest that that's severe enough economic harm for the Court to impose something more than the minimum sentence.
 {¶ 25} "In addition to that, the offender committed the offense for hire or as part of an organized criminal activity. The evidence suggests that Mr. — well, actually, the evidence shows that this Defendant went into a bank in Muskingum County, opened an account with the deposit of like $45, and then proceeded in writing checks in four different counties comprising Guernsey County, Licking County, Muskingum County and Fairfield County, getting many different — many different things that he knew he was not entitled to, and, of course, writing checks that were not valid.
 {¶ 26} "The State suggests that in view of the Defendant's prior criminal record, that is, the 1993 conviction which was essentially for grand theft, for which he received five years probation; 1994, no disposition shown; but more recently, the Muskingum County in 2001, shows that in order to protect the public and to punish the offender, that something more than the minimum sentence is required.
 {¶ 27} "***
 {¶ 28} "We suggest that in light of the offender's prior record, in light of the facts of the case — and Detective Peters has indicated that he and Detective Jones from Muskingum County have spent a great deal of time on this case trying to unravel what exactly happened. In this day and age, Your Honor, where you have personal information floating around and people using different identities — and frankly, Detective Peters had intended on simply issuing a warrant for Mr. Cogswell (phonetic) when he got picked up again. And if that had happened, of course, Mr. Cogswell would have found himself in a situation where he would have been charged with taking a Bobcat that he wasn't even aware of. That's the danger that happens with this type of offense. And the State would also suggest that that is a significant harm in and of itself which the Court needs to speak and come out clearly against, especially in this day and age where internet theft and identity theft are serious problems." T. at 8-10 and 11-12, respectively.
 {¶ 29} The trial court noted the $27,000 in thefts in rentals was "serious." T. at 12. Although the judgment entry reflects consecutive sentences, the trial court in fact gave conditional consecutive sentences during the hearing:
 {¶ 30} "But the Court is going to order that these sentences be served consecutively to the sentences in Zanesville.
 {¶ 31} "Now, the Court though — if, in fact, the Bobcat is returned — it's up to you now, Mr. Dobbins. The pressure is on you. You've got the key. If you can — if this Bobcat is returned, then the Court will consider its consecutive sentence of two years and consider that to be concurrent.
 {¶ 32} "What I'm going to do is, counsel, you prepare an entry and it will be — the Court will take this entry under advisement for 90 days. That gives you 90 days, Mr. Dobbins, to get that Bobcat back to whoever owns it.
 {¶ 33} "***
 {¶ 34} "Okay. So there you are, Mr. Dobbins. If you — otherwise, you're going to have an extra year in prison, because I'm accepting the fact that you've got information that's going to allow this to be returned. So its up to you. If not, you have only yourself to blame for that.
 {¶ 35} "In other words, these are going to be consecutive to what you're serving in Zanesville now; but as it turns out, if, in fact, you return the Bobcat and the trailer, these sentences in this county, these two counts, will be concurrent or one year. If it's not returned within that 90 days, then they'll be consecutive, so you'll have an additional year to serve in prison."[1] T. at 13-14 and 14-15, respectively.
 {¶ 36} Although the trial court admittedly used a shorthand approach by incorporating the state's recitation of the facts, we nonetheless find these findings and the judgment entry to be sufficient. We cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the sentence is otherwise contrary to law.
 {¶ 37} The sole assignment of error is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Wise, J. concur.
[1] The Bobcat was not returned as ordered.